# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

KENDRIE WILLIAMS,           )
      No. 504175,          )
                        )
       Plaintiff,        )      No. 3:15-cv-01064
                        )      Judge Trauger
v.                        )
                        )
DAVIDSON COUNTY SHERIFF'S OFFICE,   )
                        )
      Defendant.     )

## M E M O R A N D U M

Plaintiff Kendrie Williams, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, filed this *pro se, in forma pauperis* action against the Davidson County Sheriff's Office pursuant to 42 U.S.C. § 1983, alleging that a delay of medical treatment led to a permanent disfigurement of his hand. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

The complaint alleges that, on August 3, 2015, the plaintiff suffered a gun shot wound to his hand resulting in a fracture. The plaintiff was treated at the Nashville General Hospital. His discharge papers from the hospital state as follows:

> Without treatment, your broken hand may not heal. If your fracture heals on its own, your hand may be deformed. You may not be able to move your hand as well as you did before your injury. You may have pain and weakness in your hand. You may also lose feeling in your hand. You may have tissue damage, and you may get an infection.

(Docket No. 1, Attach. 1).[1]

In compliance with the discharge instructions, the plaintiff promptly scheduled a follow-up physician appointment regarding the fracture for later that week. However, the plaintiff was taken into custody by Davidson County police officers on August 5, 2015. At the time he was taken into custody, the plaintiff was told that he would not be able to keep the August 7, 2015 appointment but that he would be able to see a doctor "soon." (Docket No. 1 at p. 5).

As the weeks passed and the plaintiff was not permitted to see any medical professional regarding his fractured hand, the plaintiff wrote grievances and talked to the jail's medical staff in an attempt to expedite his medical treatment. In response to one grievance, the plaintiff was told: "I'm not sure what specific surgery you are speaking of, but you do have an appt. pending with

---

[1]The complaint alleges that the plaintiff sustained the gun shot on August 3, 2015, and was taken into custody on August 5, 2015. (Docket No. 1 at p. 5). The plaintiff's hospital discharge papers are dated August 5, 2015. (Docket No. 1, Attach. 1). It is unclear whether the plaintiff erroneously provided the wrong date of his treatment at the hospital or whether the plaintiff was treated two days after his injury and prior to his arrest on August 5, 2015.

orthopaedics." (Docket No. 1 at p. 4). In response to another grievance, the plaintiff was told by the unnamed employee to whom he had complained that the employee had "nothing to do medical." (*Id.* at p. 5).

The plaintiff was not seen by an orthopaedic doctor until September 1, 2015, almost a month after his injury and arrest. By the time the plaintiff was permitted to see a doctor, the plaintiff's fractured hand had healed. The doctor told the plaintiff that "if [he] would have been brought in 3 weeks ago then [he] would have had the proper surgery that was needed." (*Id.*)

Subsequently, the pain in the plaintiff's hand has increased. The complaint alleges that the plaintiff's hand may be deformed which is particularly problematic for the plaintiff as he intended to attend school to become a welder. (*Id.* at pp. 5-6).

## IV. Analysis

The Eighth Amendment of the United States Constitution imposes an obligation to provide inmates with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is

so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)(citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). "The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)(quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id.* Claims of negligence are insufficient to entitle a plaintiff to relief. *See Farmer,* 511 U.S. at 835.

Here, the plaintiff's allegations are based on the delay of medical treatment for the plaintiff's hand fracture. Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment.[2] Such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Williams alleges that he had a serious medical need, i.e., his fractured hand. He alleges that at least some members of the medical staff and some officers of the Davidson County Sheriff's Office were aware of the plaintiff's fracture and his need for prompt medical treatment and that they prevented the plaintiff from obtaining the needed treatment. Further, the plaintiff alleges that he

---

[2]Pre-trial detainees have rights under the Fourteenth Amendment that are analogous to those rights provided by the Eighth Amendment. *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005)("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.").

suffered detrimental effects from the delay in treatment – pain and suffering and a permanently disfigured hand. The court finds that these allegations are sufficient to state an Eighth Amendment claim[3] based on the delay in providing appropriate medical treatment to the plaintiff.

Although the plaintiff's complaint mentions some employees of the Davidson County Sheriff's Office and medical staff, the complaint does not identify those employees by name. The complaint only names the Davidson County Sheriff's Office as a defendant to this action. Even so, given the nature of the facts alleged, the court finds that it would be inappropriate to dismiss the complaint at this time because it is possible that the plaintiff can cure the deficiencies of the complaint by filing an amended complaint and naming the specific individuals involved in alleged facts of this case. *See LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013)(where there are potentially curable deficiencies in a complaint, a court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA's screening requirements for prisoners and *in forma pauperis* suits). The plaintiff's failure to file an amended complaint may result in the complaint being dismissed for failure to state a claim.

V.      **Conclusion**

As set forth above, the court finds the facts alleged by the plaintiff state a colorable Eighth or Fourteenth Amendment claim based on the delay in providing appropriate medical treatment to the plaintiff under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. However, the complaint as it currently reads is deficient. The plaintiff will be granted thirty days in which to file an amended complaint to cure the deficiencies of the pleading noted above.

An appropriate order will be entered.

---

[3]Alternatively, if the plaintiff was a pretrial detainee at the time of the alleged events, the court finds that the allegations a state Due Process claim under the Fourteenth Amendment.

Aleta A. Trauger
United States District Judge